## O. B. SLOAN V. THE STATE.

No. 21561. · Delivered April 23, 1941.
Rehearing Denied May 28, 1941.
Request for Leave to File Second Motion for Rehearing Denied
(Without Written Opinion) June 11, 1941.

The opinion states the case.

*Percy Woodard,* of Marshall, for appellant.

*Lloyd W. Davidson,* State's Attorney of Austin, for the State, on submission.

GRAVES, Judge.

Appellant was convicted of the theft of one head of cattle, and his punishment assessed at two years' confinement in the State penitentiary.

There are no bills of exception in the record, and the facts seem to show that the appellant had in his hog lot, with a rope around its neck, a calf that belonged to the complaining witness. It is true that appellant, when his possession of said calf was challenged, claimed that the calf was his, but he offered no other further proof thereof.

It is also observed that the trial court in his charge to the jury submitted this defense in the following language:

"You are further charged that as a part of the law in this case, that if you believe from the evidence that the defendant believed that the cattle in question belonged to him, or if you have a reasonable doubt as to this, you cannot convict the defendant but you must acquit him and say by your verdict not guilty."

There were no objections to the court's charge; probably the same was satisfactory to the appellant. Evidently the jury found against this contention of appellant, and we are not aware of any further duty upon our part than to say that this matter of defense, having been properly presented to the jury, their finding thereon should be binding on us unless a clear abuse of their discretion is shown. Not so finding, the judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant contends that we erred in our original opinion in holding the evidence sufficient to sustain the jury's conclusion of his guilt. Appellant was found in possession of A. A. Nesbitt's calf. It is true that when Nesbitt found the calf in appellant's lot he said it belonged to him. However, when the calf was turned into Nesbitt's pasture, it immediately ran to Nesbitt's cow and began sucking.

Appellant did not testify or offer any affirmative defense. Consequently, issues of fact were raised: First, did the alleged stolen calf belong to Nesbit; and second, did appellant in good faith believe that the animal in question belonged to him or did he make such an assertion of ownership after he realized that he was caught in possession of the stolen animal with a view and for the purpose of extricating himself from an apparently bad predicament? These were questions of fact for the jury to decide, who are the exclusive judges of the facts proven, the credibility of the witnesses and the weight to be given to their testimony. This court would not be justified in setting aside their verdict on such a state of facts. The court properly instructed the jury relative to the law of reasonable doubt and no objection was made thereto by appellant. We regret that appellant was mistreated by Nesbitt and his companion, but we are not authorized by reason thereof to set

aside the verdict of the jury and the judgment of the court. The law-enforcement officers of Harrison County, no doubt, will take such steps as may be deemed necessary to bring the offending parties before the bar of justice.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.